PATRICK BERGEN, PLAINTIFF, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, DEFENDANT.

*District Police Court in New York city — janitor of — power of police justices to appoint — § 12, chap. 538 of 1873.*

The board of police justices has power, under section 12, chapter 538 of 1873, to appoint a janitor of a District Police Court in the city of New York.

MOTION by plaintiff for a new trial, on exceptions taken at the Circuit to the order of the court nonsuiting the plaintiff, and ordered to be heard in the first instance at General Term.

The plaintiff sued for his salary as janitor of the Fourth District Police Court, from June 1, 1874, to January 31, 1875.

*Nelson J. Waterbury*, for the plaintiff.

*D. J. Dean*, for the defendant.

Daniels, J. :

The plaintiff claimed to recover his salary, as janitor of the Fourth District Police Court, for services rendered between May, 1874, and January, 1875. It appeared that he was appointed janitor of the First District Police Court, on the 11th day of December, 1873, at a meeting of the board of police justices, and, on the 27th of January, 1874, he was transferred from that court to the Fourth District Police Court at a meeting of the board held on that day. It was objected by the defendant, and the court so held, that the board of police justices had no authority to make the appointment or transfer, and for that reason the plaintiff's complaint was dismissed. In support of the position taken, it was maintained that the power to appoint the janitor was possessed by the commissioner of public works, because the law gave him the care of the public buildings. The duties of the janitor were to sweep and clean the rooms used for the purposes of the court, take care of the books, lock them up, carry messages, and attend to all the directions of the justices and clerks. They were not incidental to the care of the buildings, but essential to the cleanliness, security and convenience of the court rooms. The necessity for their performance was created by the existence and sessions of the court and the proper transmission of its orders and directions. The entire services required to be performed were incidental to the court, and not to the mere care of the building in which it was held. Without its occupancy a janitor would be needless, but with its use as a court, he would become one of its necessary attendants, and that seems to have been the view entertained of the employment by Judge Folger, who delivered the opinion of the Court of Appeals in the case of _Sullivan_ v. _The Mayor_, etc. (47 How., 491). As an attendant of the court, the board of police justices were empowered to make the appointment. For, before they acted in the first instance upon the appointment of the plaintiff, it was enacted that "the majority of the members attending any regular meeting of the board, may appoint clerks, assistants, interpreters, stenographers, and other necessary attendants, and may remove the same." (Laws of 1873, chap. 538, § 12.) The janitor was clearly included within the clause providing that the board could appoint necessary attendants beyond those specifically named. The object

of the section seems to have been to invest the board with the power to appoint the officers of the court and such other attendants as were necessary for the proper performance of its functions, and a janitor was one of such attendants. If the board had the power to make the appointment, no objection has been taken to the manner in which it was exercised, and none probably could be. For the transfer which was made of the plaintiff from the First to the Fourth District Police Court, was simply equivalent to a removal from the former, and an appointment to the latter, position.

The fact that an appointee to the same employment by the commissioner of public works was permitted to recover the salary from the defendant, cannot affect the plaintiff's right to compensation. He was not a party to that action, and could not be prejudiced by the judgment.

The evidence showed that the plaintiff and his assistant, at all times performed the duties of janitor at the Fourth District Police Court, and that, added to the circumstances of a lawful appointment, entitled him to recover the compensation claimed by him.

The order dismissing the plaintiff's complaint should be set aside, and a new trial directed, with costs to abide the event.

DAVIS, P. J., and LAWRENCE J., concurred.

Ordered accordingly.